**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 19, 2012

Lyle W. Cayce
Clerk

No. 11-50601
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN MACIAS-GURROLA, also known as Ruben Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-193-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruben Macias-Gurrola (Macias) appeals the prison sentence of 32 months imposed on his guilty plea conviction for illegal reentry into the United States. *See* 8 U.S.C. § 1326.  We affirm.

Macias contends that his sentence, which was within the guidelines range, is longer than needed to meet the sentencing goals of 18 U.S.C. § 3553(a) and is therefore substantively unreasonable.  He asserts that U.S.S.G. § 2L1.2, the illegal reentry Guideline, gives too much weight to prior convictions, effectively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

double-counting a defendant's criminal record in establishing his guideline range. Macias contends that his sentence is overly long because the advisory guidelines range overstated the seriousness of his offense. He asserts that his punishment undermines respect for the law because it does not reflect that his crime of conviction was not evil in itself but was merely an international trespass. Additionally, he asserts that the advisory range did not take into account the mitigating effect of his terrible childhood and his serious mental health problems. Macias has expanded his arguments beyond what he presented to the district court.

Appellate courts are to review sentences for reasonableness in light of the sentencing factors of § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). Ordinarily, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007).

Macias's double-counting argument is unavailing. "Double counting is impermissible only where the guidelines at issue prohibit it." *United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996). Guidelines commentary states that "[a] conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points." § 2L1.2, comment. (n.6). The use of prior convictions in calculating both the offense level and the criminal history score was not improper and did not render Macias's sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

A sentencing court ought to begin its analysis with the Guidelines, because they "should be the starting point and the initial benchmark" in the sentencing process. *Gall*, 552 U.S. at 49. In this circuit, a sentence within an applicable guidelines range is presumed reasonable on appeal. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita*, 551 U.S. at 347. The district court read and heard Macias's arguments for a variance sentence. It was aware of

No. 11-50601

Macias's emotional and mental history. However, the district court determined that a sentence at the low end of the guidelines range was appropriate. Because it is within the properly calculated guidelines range, that sentence is entitled to a presumption of reasonableness, and Macias fails to convince us that we ought to forgo applying that presumption. *See Gall*, 128 S. Ct. at 597; *see also United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

AFFIRMED.